HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEYBANK NATIONAL ASSOCIATION,<br><br>               Plaintiff,<br>    v.<br>J. RUSSEL DENNEY, et al.,<br><br>               Defendants. | CASE NO. C18-5985RBL<br><br>ORDER |

THIS MATTER is before the Court on Plaintiff KeyBank's Motion for summary Judgment [Dkt. # 15]. KeyBank seeks judgment as a matter of law on its breach of contract (promissory note) claim against Defendant Russel Denney d/b/a Pantorium Cleaners, and its guarantor, Defendant Patricia Denney. KeyBank's Vice President of Collections Workout, David Williams, testifies that the note is in arrears and claims the outstanding balance is $122,495.08. [Dkt. # 15-1]. KeyBank seeks a judgment as a matter of law for that amount (plus interest, costs and attorneys' fees to be determined later).

Defendants respond that Williams does not have personal knowledge of the facts he alleges. They move to strike a portion of his declaration and one of the exhibits to it (Exhibit C; a June 1, 2018 collection letter from KeyBank's counsel to Defendants).

ORDER - 1

1       Defendant Russel Denney claims he made 95 out of 120 payments and that KeyBank refuses or is unable to explain how it calculated his remaining debt (which is more than the original loan amount). [Dkt. # 17 at 2] Neither defendant claims that the note is not enforceable, that it is not in arrears, or that they have any other defense to KeyBank's claim. They do not claim that the debt calculation is wrong, just that they haven't seen the back-up.

KeyBank argues, persuasively, that the Vice President of Collection is in amply sufficient position to testify about the debtor's account status, including the current calculation of the debt. Defendants have not identified a person more able to provide the correct calculation, and have not provided one of their own.

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251-52. The moving party bears the initial burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine

issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323-24. There is no requirement that the moving party negate elements of the non-movant's case. *Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990). Once the moving party has met its burden, the non-movant must then produce concrete evidence, without merely relying on allegations in the pleadings, that there remain genuine factual issues. *Anderson*, 477 U.S. 242, 248 (1986).

There are no genuine issues of material fact. The debt is in default and the Defendants have not raised any reasonable challenge to the bank's calculation of it. The Motion for Summary Judgment is GRANTED.

KeyBank shall provide a current calculation of the debt as of the date of this order, a properly-supported request for attorneys' fees and costs, and a proposed judgment as of today's date, within five days of this Order. Defendants shall file any objection to the fees and costs (not the principal and accrued pre-judgment interest) within five days of any such filing.

IT IS SO ORDERED.

Dated this 6th day of September, 2019.

Ronald B. Leighton
United States District Judge